UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08774-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SINA INTERNATIONAL, INC. V. NORTHWEST BUS SALES, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| Kenneth Tanji, Jr. | | Gabriel Spooner | |

**Proceedings:**     MOTION TO DISMISS (Dkt. 11, filed January 3, 2014)

## I.     INTRODUCTION AND BACKGROUND

On October 16, 2013, plaintiff Sina International, Inc. ("Sina") filed suit against defendants Northwest Bus Sales, Inc. ("Northwest") and Does 1 through 50 in Los Angeles County Superior Court.  In brief, plaintiff alleges that, in May of 2013, Northwest sold Sina a 2013 Starcraft XLT 36' bus for $130,500.  Compl. ¶¶ 9-10.  Upon receiving the bus, Sina discovered that the bus was inoperable.  After taking the bus to a repair shop, it learned that the master break cylinder of the bus was defective and was required to be replaced.  Id. ¶¶ 11-12. Plaintiff asserts claims for (1) breach of contract, (2) breach of the implied warranty of merchantability, and (3) fraud and concealment.

Northwest removed the case to this Court on November 27, 2013.  Dkt. 1.  Subsequently, on January 3, 2013, Northwest filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim.  Dkt. 11.  Plaintiff filed an opposition on January 13, 2014, and Northwest filed a reply on January 21, 2014.  On February 3, 2014, the Court held a hearing.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(1)

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08774-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SINA INTERNATIONAL, INC. V. NORTHWEST BUS SALES, INC. ET AL. | | |

are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

(1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
(2) The claim must arise out of or result from the defendant's forum-related activities; and
(3) Exercise of jurisdiction must be reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08774-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SINA INTERNATIONAL, INC. V. NORTHWEST BUS SALES, INC. ET AL. | | |

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.

**B. Fed. R. Civ. P. 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08774-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SINA INTERNATIONAL, INC. V. NORTHWEST BUS SALES, INC. ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08774-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SINA INTERNATIONAL, INC. V. NORTHWEST BUS SALES, INC. ET AL. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. ANALYSIS

**A. Northwest's Motion to Dismiss for Lack of Personal Jurisdiction**

First, Northwest contends that this Court lacks personal jurisdiction over it because it is a Washington corporation that does not do business in California. Sina resists this argument on the grounds that Northwest's salesman sold the bus to Sina at Sina's offices in Walnut, California. Sina argues that this sale created specific jurisdiction over Northwest with respect to the sale of the bus. In the alternative, Sina seeks leave to conduct jurisdictional discover in order to determine whether Northwest is subject to general jurisdiction in California.

The Court finds that it has specific jurisdiction over Northwest in this case. As discussed above, specific jurisdiction requires that (1) Northwest purposefully directed its activities to California, (2) the claims in this case arise out of Northwest's California-related activities, and (3) the exercise of personal jurisdiction must "comport with fair play and substantial justice, i.e., it must be reasonable." CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting Schwarzenegger, 374 F.3d at 802).

Here, Northwest purposefully directed its activities to California. The sale of the bus in this case was brokered by an individual known as Don Cox, who works for Los Vegas Bus Sales. Sina's president, Jeff Lin Chi, has proffered a declaration stating that Cox came to Sina's office in Walnut, California to discuss Sina's purchase of the bus. Chi Decl. ¶ 3. Cox subsequently returned to Sina's California office, and presented Chi with a Northwest Bill of Sale for the bus. Id. After Cox presented him with the contract, Chi signed the Bill of Sale on behalf of Sina at Sina's California office. The Bill of Sale lists Cox as the salesman, and indicates that the contract was "accepted" on behalf of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08774-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SINA INTERNATIONAL, INC. V. NORTHWEST BUS SALES, INC. ET AL. | | |

Northwest by Cox. See Spooner Decl. Ex. A (Bill of Sale). The Court takes Sina's description of the sale as true for purposes of this motion. See Compagnie Bruxelles Lambert, 94 F.3d at 58. In any event, Northwest appears not to contest Chi's characterization of the transaction.

Cox's efforts to sell the bus to Sina at Sina's California office amount to Northwest purposefully directing its activities towards California. Specifically, "[f]or purposes of personal jurisdiction, the actions of an agent are attributable to the principal." Martensen v. Koch, 942 F. Supp. 2d 983, 993 (N.D. Cal. 2013) (citing Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 419 (9th Cir. 1977). Here, two grounds compel the conclusion that Cox was acting as an agent of Northwest even though he was not a Northwest employee. First, Northwest appears not to dispute that Cox had actual authority to act on their behalf. Notably, Northwest did not repudiate Cox's sale of the bus to Sina. Instead, Northwest honored the Bill of Sale and delivered the (albeit allegedly nonoperational) bus. Even more tellingly, Northwest's own attorney identifies as a "true and correct copy of the Bill of Sale/Purchase Agreement between Sina and Northwest" a copy of the Bill of Sale that does not bear the signature of any Northwest personnel, but instead was "accepted" on behalf of Northwest by Cox. See Spooner Decl. ¶ 6 & Ex. C.

Second, even if Cox was not Northwest's actual agent, he nonetheless acted with the apparent, or "ostensible," authority to conduct sales transactions on behalf of Northwest when he showed up at Sina's California office with a Northwest Bill of Sale bearing his name and then "accepted" the contract. See Cal. Civ. Code § 2300 ("An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him."). In particular, by supplying Cox with Northwest bills of sale bearing his name, Northwest acted in a manner that would induce third parties to reasonably believe that Cox was empowered to contract on behalf of Northwest. Cf. Lee v. Helmco, Inc., 199 Cal. App. 2d 820 (Cal. Ct. App. 1962) (finding apparent authority when "[t]he purchase order agreement (footnote 3) bore [principal's] name on its letterhead, was prepared by [principal], and was used by [agent] at [principal's] instance[sic]. It contained a space wherein the order could be 'accepted' by [agent]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08774-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SINA INTERNATIONAL, INC. V. NORTHWEST BUS SALES, INC. ET AL. | | |

Accordingly, the Court finds that Cox was acting as either an actual or ostensible agent of Northwest when he sold the bus to Sina. Because Cox's actions as an agent are attributable to Northwest, Northwest thus purposefully directed its activities to California by negotiating and then selling a bus to Sina in Sina's California office. Furthermore, because this case arises entirely out of the bus transaction, the second prong of the test for specific jurisdiction—whether the claims arise out of Northwest's California-related activities—is also satisfied.

Because the first two prongs of the test for specific jurisdiction are satisfied, the burden the burden "shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802. Northwest, however, does not identify any features of this case that would make the exercise of personal jurisdiction unreasonable. Accordingly, the Court concludes that it has personal jurisdiction over Northwest, and consequently denies Northwest's motion to dismiss for lack of personal jurisdiction.

**B. Northwest's Motion to Dismiss for Failure to State a Claim**

1. Breach of Contract

Sina asserts a claim for breach of contract. To state a claim for breach of contract, a plaintiff must allege "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001). Here, the gravamen of plaintiff's claim is that Northwest agreed to sell Sina a functional "2013 Starcraft XLT 36'," bus and then breached that agreement by selling Sina a defective bus.

Northwest claims that these allegations fail because the Bill of Sale—which, as discussed above, is the invoice that Cox provided to Sina—"contains no provisions that Northwest breached." Mot. 9 (emphasis omitted). The Court finds this contention unpersuasive. As an initial matter, the Bill of Sale contained an implied warranty of merchantability. See Cal. Com. Code § 2314 ("Unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."). As discussed below, plaintiff's complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08774-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SINA INTERNATIONAL, INC. V. NORTHWEST BUS SALES, INC. ET AL. | | |

sufficiently alleges that Northwest has breached the implied warranty of merchantability, and thus the Bill of Sale.

Beyond this, however, plaintiff also alleges that, in addition to providing Sina with the Bill of Sale, Cox also represented to Sina that the bus was in good working order. Compl. ¶ 10, 21. This promise that the bus was in "good working order" may therefore constitute an additional term of the contract between Northwest and Sina. Under California law, a written contract may be supplemented by a contemporaneous oral agreement setting forth "consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement." Cal. Com. Code § 2202. Here, the Bill of Sale does not appear to contain an integration clause, see Spooner Decl. Ex. A, and Northwest has supplied no other evidence that the rather straightforward Bill of Sale was intended as a "a complete and exclusive statement" of the contract. Accordingly, because Northwest's alleged tender of a nonfunctional bus may have breached this additional "good working order" term, the Court finds that Sina has adequately stated a claim for breach of contract.

Northwest argues that Sina's claim for breach of contract is precluded by Sina's acceptance of the bus; Sina argues that plaintiff must instead sue on a breach of warranty theory. This argument fails, as Cal. Com. Code § 2607 specifically states that "acceptance does not of itself impair any other remedy provided by [the California Commercial Code's sales provisions] for nonconformity."

### 2. Breach of the Implied Warranty of Merchantability

Sina also asserts a claim for breach of the implied warranty of merchantability. Under California law, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314. To meet this minimum standard of merchantability, goods must, among other things, "[p]ass without objection in the trade under the contract description" and be "fit for the ordinary purposes for which such goods are used." Id. § 2314(2)(a) & (c).

Northwest contends that Sina cannot assert a claim for breach of the implied warranty of merchantability because the contract excluded the implied warranty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08774-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SINA INTERNATIONAL, INC. V. NORTHWEST BUS SALES, INC. ET AL. | | |

Specifically, Northwest relies upon a statement in the Bill of Sale which reads: "Units Warrantied by Body Manufacturer and Chassis Manufacturer." See Spooner Decl. Ex. A. Northwest argues that this statement excluded the implied warranty of merchantability.

Under California law, however, "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous." Cal. Com. Code § 2316(2). Here, the statement in the Bill of Sale does not mention merchantability. Nor does this statement contain "language which in common understanding calls the buyer's attention to the exclusion of warranties." Id. § 2316(3)(a). Accordingly, the Court finds that the contract did not exclude the implied warranty of merchantability.

   3. Claim for Fraud

Lastly, Sina asserts a claim for fraud. In order to assert a claim for fraud under California law, a complaint must plead: (1) a misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. Robinson Helicopter Co. v. Dana Corp., 34 Cal.4th 979, 990 (2004). Plaintiff must also meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires a "party [to] state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), including "the who, what, when, where, and how of the misconduct charged" and "what is false or misleading about a statement and why it is false," Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations and quotation marks omitted) ("Rule 9(b)'s particularity requirement applies to state-law causes of action"). Here, the gravaman of Sina's claim for fraud is that Northwest was aware that the bus was nonfunctional, but nonetheless represented to Sina that the bus was in "good working order," and thus induced Sina to purchase the bus.

Northwest asserts that these allegations fail to meet either the normal pleading standard under Rule 8 or the heightened pleading standard of Rule 9(b). Northwest specifically argues that the complaint is deficient because it "states that Northwest knew or should have known that the subject bus was 'non-operational' because the 'master break[sic] cylinder needed to be replaced' without ever stating the [sic] how that knowledge was, or should have been, obtained." Mot. 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08774-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SINA INTERNATIONAL, INC. V. NORTHWEST BUS SALES, INC. ET AL. | | |

The Court finds this contention unpersuasive. First, Rule 9(b) specifically provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Accordingly, the complaint's allegations that Northwest knew that the bus was nonfunctional and intended to conceal this information do not have to comply with the heightened pleading standard of Rule 9(b). More generally, the Court finds that the complaint adequately explains the who (Cox), what (misrepresenting the state of the bus), when (May 6, 2013) and how (oral representations) of the alleged fraud. See Compl. ¶ 21; cf. Vess, 317 F.3d at 1106. Accordingly, the Court concludes that plaintiff has sufficiently pled its claim for fraud.[1]

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant Northwest's motion to dismiss.

IT IS SO ORDERED.

|   |   | 00 | : | 06 |
|---|---|---|---|---|
|   | Initials of Preparer | | CMJ | |

---

[1] Northwest also argues that Sina "fails to state a claim for punitive damages." The Court notes that the complaint does not assert a "claim" for punitive damages, but rather seeks punitive damages as a remedy. Furthermore, even construing Northwest's motion as a motion to strike the request for punitive damages, the Court finds that the motion to strike should be denied. Punitive damages are available for fraud, which, as discussed above, Sina has adequately pled. See Cal. Civ. Code. § 3294(a).